1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11   RICHARD GIDEON HAMMOND,                Case No.:  20cv261-BAS(MSB)

12                           Petitioner,
                                           **ORDER DENYING PETITIONER'S MOTION
13   v.                                     FOR APPOINTMENT OF COUNSEL
                                           [ECF NO. 10.]**
14   JOSIE GASTELO, et al.,

15                           Respondents.

16

17

18         On May 18, 2020, Petitioner, proceeding pro se, filed a motion asking the Court to

19   appoint counsel.  (See Mot. Appointment Counsel, ECF No. 10 ("Mot."); see also ECF No.

20   9.)  Petitioner claims that he cannot afford an attorney in light of "poverty and the

21   disruption in everyday life from the COVID-19 Pandemic."  (Mot. at 1, 3).  Petitioner

22   further alleges that he contacted several attorneys, but was not able to "find a lawyer

23   capable of working with [him]."  (Id. at 2-3.)  Additionally, Petitioner contends that he

24   lacks legal training, and this case involves complex legal issues.  (Id.)

25                              **I.  LEGAL STANDARD**

26         The Sixth Amendment right to counsel does not extend to federal habeas corpus

27   actions by state prisoners.  Habeas Corpus Res. Ctr. v. U.S. Dep't of Justice, 816 F.3d

28   1241, 1244 (9th Cir. 2016) (noting that there is no federal constitutional right to

1   appointment of counsel in postconviction collateral attacks on a conviction or sentence

2   in state or federal court).  Courts may, however, appoint counsel for financially eligible

3   habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 when "the interests of

4   justice so require."  See 18 U.S.C. § 3006A(a)(2)(B); Luna v. Kernan, 784 F.3d 640, 642

5   (9th Cir. 2015) (citing 18 U.S.C. § 3006A(a)(2)(B)); Chaney v. Lewis, 801 F.2d 1191, 1196

6   (9th Cir. 1986) (citations omitted) ("Indigent state prisoners applying for habeas corpus

7   relief are not entitled to appointed counsel unless the circumstances of a particular case

8   indicate that appointed counsel is necessary to prevent due process violations.").

9   Courts have discretion in determining whether to appoint counsel, unless an evidentiary

10   hearing is necessary.  See Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990);

11   Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986) (citation omitted).

12          Under 28 U.S.C. § 1915(e)(1), courts may exercise their discretion to appoint

13   counsel for indigent civil litigants only in "exceptional circumstances."  Agyeman v. Corr.

14   Corp. Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted).  When assessing

15   whether exceptional circumstances exist, courts must evaluate "the likelihood of the

16   plaintiff's success on the merits" and "the plaintiff's ability to articulate his claims 'in

17   light of the complexity of the legal issues involved.'"  Id. (quoting Wilborn v. Escalderon,

18   789 F.2d 1328, 1331 (9th Cir. 1986)).  Both of these factors must be reviewed before

19   deciding whether to appoint counsel, and neither factor is individually dispositive.

20   Wilborn, 789 F.2d at 1331.

## II.  DISCUSSION

22          The Court finds that Petitioner has not established the required exceptional

23   circumstances for appointment of counsel.  Despite his claimed lack of legal training,

24   Petitioner has sufficiently represented himself to date, and has drafted and submitted

25   numerous documents without the assistance of legal counsel.  In addition to the instant

26   motion, Petitioner has submitted the Petition for Writ of Habeas Corpus [ECF No. 1], a

27   "Notice of Change of Address" [ECF No. 6], and a motion for enlargement of time to file

28   a Traverse [ECF No. 7].  Petitioner's filings indicate that he has a sufficient grasp of his

1  case and the legal issues involved, and that he is able to articulate the grounds for his

2  Petition.  See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district

3  court's denial of request for appointment of counsel, where pleadings demonstrated

4  petitioner had "a good understanding of the issues and the ability to present forcefully

5  and coherently his contentions."); see also Taa v. Chase Home Fin., No. 5:11–CV–00554

6  EJD, 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting a pro se litigant's lack of

7  legal training and poverty do not constitute exceptional circumstances, because many

8  other litigants face similar difficulties when proceeding pro se).  Further, to the extent

9  the current health crisis caused by COVID-19 impacted Plaintiff's ability to litigate this

10  case, the Court notes that Petitioner is out of custody [see ECF No. 6], and the Court has

11  granted Petitioner's recent motion for extension of time to file his traverse [see ECF No.

12  8].  The Court also concludes that at this stage in the proceedings, Petitioner has not

13  demonstrated a likelihood of success on the merits.  See Agyeman, 390 F.3d at 1103;

14  Wilborn, 789 F.2d at 1331.

15          Additionally, the interests of justice do not warrant the appointment of counsel in

16  this case.  Courts are required to construe a petition filed by a pro se litigant more

17  liberally than a petition drafted by counsel.  See Knaubert, 791 F.2d at 729.  "The district

18  court must scrutinize the state court record independently to determine whether the

19  state court procedures and findings were sufficient."  Id. (citations omitted).  The

20  Petition contains claims that the Court will be able to properly resolve by reviewing the

21  state court record independently, and the "additional assistance provided by attorneys,

22  while significant, is not compelling."  See id.  Accordingly, the Court finds that the

23  appointment of counsel is not warranted.

### III.  CONCLUSION

25          For the reasons stated above, the Court **DENIES without prejudice** Plaintiff's

26  motion for appointment of counsel.  See LaMere, 827 F.2d at 626 (finding that district

27  court did not abuse its discretion in declining to appoint counsel, where the pleadings

28

1    established that petitioner understood the issues and was able to present his

2    contentions).

3        **IT IS SO ORDERED**.

4    Dated:  May 20, 2020

5

6    Honorable Michael S. Berg
     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28