1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11

RICHARD GIDEON HAMMOND,

12
                                                        Petitioner,

13          v.

14    JOSIE GASTELO, *et al*.,

15                                                     Respondents.

16
17
18
19
20
21
22
23

Case No. 20-cv-0261-BAS-DEB

**ORDER:**

**(1) OVERRULING PETITIONER'S OBJECTIONS (ECF No. 22);**

**(2) ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY (ECF No. 21);**

**(3) DENYING PETITION OF WRIT OF HABEAS CORPUS; AND**

**(4) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

24
25
26
27
28

        Petitioner Richard Gideon Hammond is a state prisoner proceeding *pro se*.  He filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging  his February 21, 2018 conviction and sentence in San Diego Superior Court  Case No. SCS280604 that resulted in a sentence of six years in prison.  (ECF No. 1.)  On October 5, 2020, United States Magistrate Judge Daniel E. Butcher issued a Report and Recommendation ("R&R")

20cv261

recommending that this Court deny Petitioner's petition of writ of habeas corpus.  (ECF No. 21.)  Petitioner objected to the R&R.  ("Objections," ECF No. 22.)  For the following reasons, the Court (1) **OVERRULES** Petitioner's Objections; (2) **APPROVES** and **ADOPTS** the R&R; (3) **DENIES** Petitioner's petition of writ of habeas corpus; and (4) **DECLINES** to issue a certificate of appealability.

I.    BACKGROUND

A.    Petition

Petitioner is a state prisoner who was incarcerated in California Men's Colony State Prison–West and is now released on parole.  (Pet. 1, ECF No. 1; Notice of Change of Address, ECF No. 6. )  He was convicted for vehicular manslaughter with gross negligence in 2018 and was sentenced to six years in prison.  (ECF No. 5-8 at 72.)   Petitioner challenges his conviction on the grounds that that the Superior Court erred (1) by denying his motion to suppress his blood draw results, which Petitioner argues was obtained in violation of the Fourth Amendment, and (2) by considering irrelevant aggravating factors to impose an upper sentencing term.

B.    Report and Recommendation

On October 5, 2020, Judge Butcher issued an R&R on Petitioner's petition of writ of habeas corpus.  (R&R, ECF No. 21.)  In the R&R, Judge Butcher held that Petitioner's Fourth Amendment claim was barred under the rule set forth in *Stone v. Powell*, 428 U.S. 465 (1976) because Petitioner had the opportunity to move for a suppression of the blood draw evidence in state court.  (*Id.* at 6:19–7:21.)  Magistrate Judge Butcher also rejected Petitioner's claim challenging the Superior Court's sentencing decision, holding that the claim involved only the interpretation or application of state law and did not present a cognizable claim for federal habeas review.  (*Id.* at 8:26–9:12.)  Judge Butcher also found that the state court did not violate Petitioner's due process in making the sentencing decision.  (*Id.* at 9:13–10:25.)

//

//

## II.    LEGAL STANDARD

The Court reviews *de novo* those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  But "[t]he statute [28 U.S.C. § 636(b)(1)(c)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report).  "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.  This rule of law is well-established in the Ninth Circuit and this district.  *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so).

## III.    ANALYSIS

Petitioner raises several objections to the rejection of his Fourth Amendment claim. He repeats the argument that he lacked capacity at the time the State drew his blood and thus the trial court erred by denying his motion to suppress the evidence under the Fourth Amendment, which was already raised in his Petition.  As explained in Magistrate Judge Butcher's well-reasoned R&R, "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial" where "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim."  *Stone*, 428 U.S. at 494.  California  Penal Code § 1538.5 provides for a "full and fair litigation" of Fourth Amendment claims. *See Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir. 1990).  Here, Petitioner does not argue that he did

1  not have the full and fair opportunity to litigate his Fourth Amendment claim in state court.
2  Because Petitioner has not shown he was deprived of the opportunity to litigate his Fourth
3  Amendment claim in state court, the Court declines to grant habeas corpus relief on his
4  Fourth Amendment claim.

5       Petitioner also objects to Magistrate Judge Butcher's finding that Petitioner's
6  sentencing claim did not present a cognizable claim for federal habeas review.  That claim
7  lacks merit for the reasons stated in the R&R.  To the extent that Petitioner's sentencing
8  claim presented any due process issues, Magistrate Judge Butcher reached the merits of
9  that issue and found that the state courts' sentencing decisions comported with due process.
10      Petitioner's Objections present no grounds for relief.

11 **IV.   CONCLUSION**

12      The Court **OVERRULES** Petitioner's Objections (ECF No. 22); **APPROVES** and
13 **ADOPTS** the R&R (ECF No. 21); and **DENIES** Petitioner's petition of writ of habeas
14 corpus (ECF No. 1).

15      In addition, a certificate of appealability may issue only if the applicant makes a
16 substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).
17 Petitioner has made no such showing.  Because reasonable jurists could not debate whether
18 "the petition should have been resolved in a different manner or that the issues presented
19 were 'adequate to deserve encouragement to proceed further,'" the Court **DECLINES** to
20 issue a certificate of appealability.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000)
21 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

22      **IT IS SO ORDERED.**

23

24 **DATED: November 10, 2020**

25                                      Hon. Cynthia Bashant
                                     United States District Judge

26

27

28

20cv261